

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
WILLIAMSON
ATTORNEY GENERAL

Honorable L. L. Moore
County Attorney
Houston County
Crockett, Texas

Dear Sir:

Opinion No. 0-7285

Re: Should the person in question have
his name placed on the ballot in
the coming primaries for office of
County Superintendent of Houston
County

Your wire of June 19th requesting an opinion from
this department on the above subject matter is as follows:

"F. P. Granberry, Chairman of the Houston County
Democratic Executive Committee, requests that I give
him an opinion on the following facts: A. G. Luce
filed with the county chairman within the time required
by law a request that his name be placed on the ballot
as a candidate for nomination for office of County Sup-
erintendent of Public Instruction. June 17 Luce appeared
before County Executive Committee and in writing advised
them he did not care to be a candidate for this nomina-
tion and requested in writing that his name be not placed
on the ballot. On June 18 he advised the county chair-
man in writing that he retracted his writing of June 17
and desired that his name be placed on the ballot, this
being accompanied by the filing fee assessed by the county
committee. The committee in its June 17 meeting accepted
the withdrawal and directed that his name be omitted from
the ballot. Question: Should the name of A. G. Luce be
placed on the ballot in the coming primaries for said
office?"

Except where there has been undue delay in accepting
a resignation, an unconditional resignation which has been trans-
mitted to the authority entitled to receive it cannot be with-
drawn. See Sadler v. Jester, 46 Fed. Sup. 737 and 46 C.J. 980.

It is our opinion that the reasoning of the above
stated rule is applicable to the question presented by your re-
quest.

We quote from 16 Texas Jurisprudence 74, the following:

"The statutes governing primary elections prescribe all the requisites of an application to have one's name placed on the official ballot as a candidate for nomination. These provisions are valid and controlling. Inter alia, they provide the method to be pursued by any person desiring his name to appear on the official ballot for the general primary, as a candidate for the nomination for any office to be filled by the qualified voters of a county or a portion thereof, or for nominations; other articles require the executive committee to place upon the ticket the name of any person who is not ineligible for nomination to the office to which he aspires.

"The provision of the statute requiring that a petition by the qualified voters requesting that a name be put on the ballot be indorsed by the person named therein is for the purpose of informing the executive committee that such person if elected will accept the position named."

Article 3113, V. A. C. S., provides:

"Any person desiring his name to appear on the official ballot for the general primary, as a candidate for the nomination for any office to be filled by the qualified voters of a county or a portion thereof, or for county chairman, shall file with the county chairman of the county of his residence, not later than Saturday before the third Monday in June preceding such primary, a written request for his name to be printed on such official ballot as a candidate for the nomination or position named therein, giving his occupation and post-office address, giving street and number of his residence, if within a city or town, such request to be signed and acknowledged by him before some officer authorized to take acknowledgment to deeds. Such request similarly signed and acknowledged by any twenty-five qualified voters resident in the county may be filed on or before said date, requesting that the name of any person named therein may be placed on the official ballot as a candidate for any county or precinct office or chairmanship, with like effect as if such request was filed by the person named as a candidate therein; which request shall be endorsed by the candidate named therein, showing his consent to such candidacy, if nominated." (Underscoring ours)

When the executive committee accepted the unconditional withdrawal of the application of A. G. Luce for a place on the primary ballot, it had the effect of nullifying the entire request. Since there was then no request (that his name be placed upon the primary ballot) before the committee, the only effect A. G. Luce's retraction of his withdrawal ( on June 18th) was to attempt to refile his request that his name be placed upon the ballot. This latter filing failed to meet the time limit (June 15th) for filing said request as set out in Article 3113. Therefore, it is the opinion of this department that under the facts submitted, the name of A. G. Luce should not be placed upon the ballot in the coming primary for the office of County Superintendent of Public Instruction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/J.C. DAvis, Jr.
J.C. Davis, Jr.
Assistant

By s/John Reeves
John Reeves

JR:djm:wc

APPROVED JUN 20, 1946
s/Ocie Speer
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman